## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DIVISION OF MISSOURI

| | |
|---|---|
| **CARLOS AGUILAR** ) | |
| **d/b/a CARLOS AGUILAR TRUCKING** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs ) | **Case No:** |
| ) | |
| **CRAWFORD OIL COMPANY, INC.** ) | |
| **d/b/a DOUBLE NICKEL TRAVEL** ) | |
| **STOP and/or J.T. ENERGY** ) | |
| **GROUP, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## **COMPLAINT**

COUNT 1 – Breach of Implied Warranty

NOW COMES the plaintiff, Carlos Aguilar, d/b/a Carlos Aguilar Trucking, by and through his undersigned counsel, and for his cause of action against the defendants, CRAWFORD OIL COMPANY, INC. d/b/a DOUBLE NICKEL TRAVEL STOP, ("DOUBLE NICKEL") and J.T. ENERGY GROUP, LLC ("J.T.E."), states as follows:

1. That at all times relevant hereto, the plaintiff, Carlos Aguilar, was and remains a resident and citizen of Shelby County, Tennessee and does business as Carlos Aguilar Trucking, an unincorporated entity. The damages in issue were sustained in Missouri from a petroleum product supplied in Missouri by Defendant.

2. That the Defendant, DOUBLE NICKEL is a Missouri domestic corporation with its principal place of business in Missouri. The Defendant, JTE, is a Delaware corporation with its principal place of business located in Branson, Missouri. JTE is in the business of managing and operating convenience stores including the travel shop in issue. Jurisdiction is proper pursuant to 28 USC § 1332 as all Plaintiffs and all Defendants are of diverse citizenship, the sale and

damage occurred in Missouri, and Defendants are Missouri residents/citizens. Plaintiffs seek damages in excess of $75,000.00.

3. That the defendants were at all times herein relevant, in the business, inter alia, of suppling, distributing, and placing into the stream of commerce for profit or other benefit certain petroleum products, including, but not limited to, gasoline and diesel fuel. Defendants advertised and supplied diesel fuel for use by over-the-road truck drivers including the plaintiff, as fuel for tractor trailer vehicles.

4. That on or about May 25, 2021, Plaintiff purchased from Defendants in Missouri, approximately 72.068 gallons of "diesel" fuel for use in his 2016 International Lone Star Road Tractor (sometimes hereafter referred to as "vehicle") with Cummins engine and used the aforesaid "diesel" fuel as directed and intended.

5. That based upon the above, Defendants owed a duty to Plaintiff and to all other similarly situated users of the "diesel" fuel product to supply said product in a condition that was not unsafe, not unreasonably dangerous, and not otherwise defective.

6. That by selling "diesel fuel" to Plaintiffs and others similarly situated, Defendants impliedly warranted the "diesel fuel" was safe, was not contaminated, would not cause damage to diesel engine vehicles, and would serve as a proper fuel for diesel engines.

7. That in violation of the aforesaid warranty and duty, Defendants, acting by and through their officers, agents, and/or employees, supplied a "diesel" fuel product that was unsafe, unreasonably dangerous, and/or defective in one or more of the following respects:

> a) the "diesel" fuel product was contaminated with gasoline, water, debris, and/or other contaminants rendering the "diesel" fuel unusable as a fuel to diesel engines as sold and/or

      b) the "diesel" fuel product was not supplied with adequate warnings of contamination by gasoline, water, debris, and/or other contaminants so as to advise against usage by motor vehicles requiring diesel fuel.

8. That as direct and proximate result of Defendants' breach, as aforesaid, Plaintiffs' vehicle was caused to become inoperable and otherwise malfunction.

9. That as a further direct and proximate result of Defendants' breach of its duty, as aforesaid, Plaintiffs incurred substantial damages and losses, including, but not limited to the cost to have the vehicle towed for maintenance and repair, the cost of testing and evaluation, the cost of down time, and loss of income, all to the Plaintiffs' damage in a sum in excess of $75,000.

WHEREFORE, Plaintiff prays for a judgement in his favor and against Defendants, for an amount in excess of $75,000.00 (SEVENTY-FIVE THOUSAND DOLLARS) and for costs of this action.

COUNT II -Negligence

NOW COMES the plaintiff, Carlos Aguilar, d/b/a Carlos Aguilar Trucking, by and through his undersigned counsel, and for his cause of action against the defendants, CRAWFORD OIL COMPANY, INC. d/b/a DOUBLE NICKEL TRAVEL STOP, ("DOUBLE NICKEL") and J.T. ENERGY GROUP, LLC ("J.T.E."), states as follows:

1-5. Plaintiff repeats and realleges paragraphs 1-5 of Count I as and for paragraphs 1-5 of this Count II.

6. That in violation of the aforesaid duty, Defendant, acting by and through their officers, agents, and/or employees was negligent in one or more of the following respects:

      a) by supplying contaminated "diesel" fuel;

      b) by failing to test the fuel holding tanks for leaks, water contamination, oil contamination, gasoline mixture contamination, and/or other diesel fuel contaminants as required by United States Department of Transportation rules and regulations;

    c) by failing to warn, or otherwise notify, prospective diesel fuel purchasers, including the plaintiff, that their diesel fuel holding tanks were contaminated when they knew or should have known of such contamination;

    d) by failing to warn, or otherwise notify, diesel fuel purchasers, including the plaintiffs, that their diesel fuel had been tested and found to be contaminated; and/or

    e) by failing to properly monitor their fuel storage tanks to make sure the diesel fuel was not contaminated; and/or

    f) by failing to properly train, monitor, screen, and/or supervise their employees to prevent the diesel fuel tanks from becoming contaminated by incompetent or improperly trained employees.

7. That as direct and proximate result of Defendants' negligence, as aforesaid, Plaintiffs' vehicle was caused to became inoperable and otherwise malfunction.

8. That as a further direct and proximate result of Defendants; breach of duty, as aforesaid, Plaintiff incurred substantial damages and losses, including, but not limited to the cost to have the vehicle towed for maintenance and repair, the cost of testing and repair, hotel charges, the cost of down time, and loss of income, all to the Plaintiffs' damage in a sum in excess of $75,000.

WHEREFORE, Plaintiff prays for a judgement in his favor and against Defendants, for an amount in excess of $75,000.00 (SEVENTY FIVE THOUSAND DOLLARS) and for costs of this action.

### COUNT III (Outrage)

NOW COMES the plaintiff, Carlos Aguilar, d/b/a Carlos Aguilar Trucking, by and through his undersigned counsel, and for his cause of action against the defendants, CRAWFORD OIL COMPANY, INC. d/b/a DOUBLE NICKEL TRAVEL STOP, ("DOUBLE NICKEL") and J.T. ENERGY GROUP, LLC ("J.T.E."), states as follows:

1-12. Plaintiff repeats, realleges, and incorporates herein by reference paragraphs 1-9 Count I and paragraphs 6-8 of Count II as paragraphs 1-12 of this count.

13. That Defendants knew their diesel fuel had been contaminated including the diesel fuel that Defendants sold to Plaintiff as described above. Further, Defendants knew or should have known that the sale of contaminated diesel fuel to owner-operator truck drivers like Carlos Aguilar would likely cause extreme financial and emotional harm to the owner-operators and their families.

14. That by August 8, 2021, Defendants knew that their diesel fuel was contaminated and had admitted such to the Missouri Department of Agriculture, the State agency in charge of inspecting fuel for purity.

15. Notwithstanding that Defendants knew they had sold contaminated fuel to Plaintiff and that such was highly likely to cause considerable damage to Plaintiff's diesel truck engine and to Plaintiff's financial and mental wellbeing, Defendants did absolutely nothing to notify Plaintiff of the known fact that Defendants had introduced contaminated diesel fuel mixed with gasoline into Plaintiff's fuel tanks. Further, in addition to failing to notify Plaintiff of the contaminated sale, Defendants set out on a course to cover up to avoid paying for the damage they caused. Defendants thereby placed their profits above the safety and wellbeing of Plaintiff.

16. That as a result of the above, Plaintiff incurred expensive testing expenses and were forced to place the truck in two separate repair facilities to Plaintiff's great expense and thereby suffered additional income loss. Had Defendants simply notified Plaintiff of the tainted fuel Plaintiff could have avoided the second repair/tow/downtime/loss of income.

17. That Defendants aforesaid actions were outrageous, extreme, and beyond the bounds of human decency.

WHEREFORE, Plaintiff prays for a Judgment in his favor for on amount in excess of $75,000.00 in compensatory damages, for punitive damages, and for all other relief as allowed by law.

**PLAINTIFF PRAYS FOR A TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted,

**WENDLER & ZINZILIETA, P.C.**

By: /s/Brian M. Wendler
Brian M. Wendler, #39151
Angie M. Zinzilieta, #69783
5 Oak Drive
Maryville, Illinois 62062
Phone: (618) 692-0011
Fax:    (618) 692-0022
Email: wendlerlawpc@gmail.com
*Attorneys for Plaintiff*