UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLOS AGUILAR, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23CV140 HEA |
| CRAWFORD OIL COMPANY, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Crawford Oil Company Inc.'s Motion to Strike and Motion to Dismiss Plaintiff's Amended Complaint, [Doc. No. 34]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion will be denied.

### Facts and Background

Plaintiff's Amended Complaint alleges he purchased diesel fuel from Defendant on May 25, 2021. According to Plaintiff, the diesel fuel was not pure diesel fuel, rather, it was contaminated with gasoline, water and other debris which caused damage to his 2016 International Lone star Road Tractor. Plaintiff further alleges Defendant knew the fuel was contaminated and misrepresented that the fuel was diesel fuel when it was not pure diesel fuel.

Plaintiff claims Defendant breached a duty owed to Plaintiff, was negligent, and fraudulently misrepresented its product. Plaintiff seeks compensatory and punitive damages. Defendant moves to strike Plaintiff's punitive damages claims and argues Plaintiff's Amended Complaint fails to meet the amount in controversy requirement absent the punitive damages demand.

After filing its Answer to the Amended Complaint, Defendant Crawford filed the instant Motion to Strike and Dismiss.  According to Defendant, Plaintiff's Amended Complaint fails to adequately plead fraud under Rule 9 of the Federal Rules of Civil Procedure. Defendant asks the Court to strike Plaintiff's punitive demand.  Without the punitive damages demand, Defendant argues the Amended Complaint must be dismissed because Plaintiff cannot satisfy the amount in controversy required for diversity jurisdiction.

## Discussion

**Motion to Strike**

Defendant moves to strike Plaintiff's demand for punitive damages in Counts II and III. Defendant claims Plaintiff fails to plead fraud with the required particularity of Rule (9).

Initially, as Plaintiff argues, a motion to strike is not proper as it relates to Plaintiff's damages demands. Rule 12(f) of the Federal Rules of Civil Procedure permits courts to "strike from a pleading an insufficient defense or any redundant,

immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matters are those which have "no essential or important relationship to the claim for relief or the defenses being pleaded," *CitiMortgage, Inc. v. Just Mortgage, Inc.*, Case No. 4:09 CV 1909 DDN, 2013 WL 6538680, at *7 (E.D. Mo. Dec. 13, 2013), and impertinent matters are "statements that do not pertain, and are not necessary, to the issues in question," *Warner v. Little John Transportation Servs., Inc.*, No. 5:19-CV-05042, 2019 WL 1531272, at *2 (W.D. Ark. Apr. 9, 2019) (quoting 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1382 (3d ed.)). An allegation contained in a pleading is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *CitiMortgage, Inc. v. Just Mortgage, Inc.*, Case No. 4:09 CV 1909 DDN, 2013 WL 6538680, at *7 (E.D. Mo. Dec. 13, 2013). "[I]mpertinent' matter[s] consists of statements that do not pertain, and are not necessary, to the issues in question." 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1382 (3d ed.). "Understood in this context, asking whether a matter pertains to issues in question is the same as asking whether it is relevant." *Warner*, No. 5:19-CV-05042, 2019 WL 1531272, at *2.

"Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citing *Nationwide Ins. Co. v. Cent. Mo. Elec. Coop., Inc.*, 278 F.3d 742, 748 (8th Cir. 2001)). "Striking a party's pleading, however, is an extreme and disfavored

3

measure." *Id.* (citing *Stanbury L. Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000)). "[T]he rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case." *Williams v. Averitt Express*, No. 8:15CV464, 2016 WL 589861, at *2 (D. Neb. Feb. 11, 2016). *Caris v. Kirat Roadlines Inc.*, No. 7:23CV5002, 2023 WL 7166149, at *1 (D. Neb. Oct. 30, 2023).

Plaintiff's punitive damages demand does not fit within the confines of Rule 12(f). Rather, Defendant is challenging the actual claims Plaintiff makes in Counts II and III. Essentially, Plaintiff is claiming Defendant committed fraud by advertising diesel fuel and selling fuel that was not pure diesel fuel but was tainted with other products which Plaintiff contends caused damage to Plaintiff's truck and caused Plaintiff to lose the ability earn money from driving his truck. The Motion to Strike is denied.

**Motion to Dismiss**

Defendant first filed an Answer to the Amended Complaint and then filed its Motion to Dismiss. Plaintiff argues that the Motion to Dismiss is untimely under Fed. R. Civ. P. 12(b).

Courts do not interpret Rule 12(b)'s timing provision as strictly as Plaintiff suggests when, as here, the defense of failure to state a claim was raised in a previously filed Motion relating to the original complaint and the defendant would

4

be permitted to make identical arguments under Rule 12(c). *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) ("[S]ince Rule 12(h)(2) provides that a defense of failure to state a claim ... may be advanced in a motion for judgment on the pleadings under Rule 12(c), we will treat the City's motion as if it had been styled a 12(c) motion.") (cleaned up); 5C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.*, Timing of Rule 12(b) Motions § 1361 & n.7 (3d ed. Apr. 2023 Update) (Westlaw). Given this reality, the Court will not treat Defendant's Motion as untimely. *Toyota Motor Sales, U.S.A., Inc. v. Allen Interchange LLC*, No. 22-CV-1681 (KMM/JFD), 2023 WL 5207389, at *4 (D. Minn. Aug. 14, 2023).

Defendant seeks dismissal of Counts II and III arguing they fail to sufficiently allege fraud. Defendants argue that Plaintiff's claims are subject to the heightened pleading standard contemplated by Rule 9(b), which provides in part, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Plaintiff's allegations are sufficient to survive a Motion to Dismiss. To the extent Plaintiff's pleadings require specific allegations as to the "who, what, where, when, and how" of the alleged misconduct, contentions within the Amended Complaint are adequate. *Goldman v. Tapestry, Inc.*, 501 F. Supp. 3d 662, 671 (E.D. Mo. 2020) (internal quotations omitted). As to when, Plaintiff has alleged the sales at issue occurred during the five years prior to the filing of the Amended Complaint. *See May v. Makita U.S.A.,*

5

*Inc.*, No. 1:22-CV-79-SNLJ, 2023 WL 417487, at *4 (E.D. Mo. Jan. 26, 2023). As Plaintiff clearly points out, the "time" element is identified by the Plaintiff as being on "May 25, 2021:" the "place" element is identified by Plaintiff as being in "Branson, Missouri" at Defendant's "principal place of business," i.e., at the "convenience stores including the travel shop in issue;" the "contents of false representation" element is identified by Plaintiff: Defendants represented to Plaintiff by signage and otherwise that the product they sold to Plaintiff was pure Diesel Fuel. The product Defendants sold to Plaintiff was in fact not pure Diesel Fuel but was contaminated and mixed with gasoline, water, and/or some other foreign liquid; the "identity of person making misrepresentation" element is identified by Plaintiff as Defendants [i.e., the named corporate Defendants] via "signage and otherwise.

Contrary to Defendant's claims, the Amended Complaint also plainly lays out how the misconduct is alleged to have occurred: the product's advertising as diesel fuel when in reality it was mixed with other products, including gasoline, which caused damage to Plaintiff's diesel engine.

Further, Rule 9(b) also indicates that, "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Plaintiff's general allegations of defendant's intent are sufficient to withstand the motion to dismiss. See *Shoemaker, on behalf of himself & all others similarly situated, Plaintiff, v.*

6

*Menard, Inc.,* No. 2:22-CV-04089-MDH, 2023 WL 7388940, at *1–2 (W.D. Mo. Nov. 8, 2023).

## Conclusion

Plaintiff's Amended Complaint alleges the who, what, where, when, and how of the alleged fraudulent conduct. As such, Defendant's Motion to Dismiss the fraud allegations and punitive damage demands are without merit.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike and Motion to Dismiss, [Doc. No. 34], is denied.

Dated this 16th day of November 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE